UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                        )
SUNITA ESWARAPPA,                       )
                 Plaintiff,             )
                                        )
          v.                            )          C.A. NO: 14-CV-14255-FDS
                                        )
COMMUNITY ACTION INC./HEAD START,       )
                 Defendant.             )
_____)


**DECLARATION OF STEPHEN T. PATERNITI IN SUPPORT
OF OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

I, Stephen T Paterniti, being duly sworn, do depose and state as follows:

1.  I represent Defendant Community Action, Inc. (CAI) in this matter.

2.  I am the attorney responsible for the handling of this case, and communicating with Plaintiff.

3.  On or about March 18, 2015, my office served Plaintiff's deposition notice on Plaintiff, for a deposition to be held on May 8.

4.  On or about May 4, four days prior to her deposition notice for May 8, Plaintiff requested that her deposition be rescheduled. She offered a date at the end of May, but then stated that she was requesting that CAI postpone her deposition until late June or early July, which would allow her the opportunity to obtain and review CAI's discovery responses prior to being deposed.

5.  CAI could have gone forward with Plaintiff's deposition on May 8 or some later date prior to its deadline for having to serve discovery responses on Plaintiff. However, CAI granted her request to reschedule her deposition until after CAI's discovery responses

were served. CAI conditioned the granting of this request on the expectation of reciprocal courtesies in the future from Plaintiff.

6. Attached as <u>Exhibit A</u> is a true and complete copy of email correspondence between Plaintiff and me dated May 4 and May 6 reflecting the agreement to postpone her deposition conditioned upon her reciprocal courtesies.

7. Plaintiff accepted the terms of this extension by not appearing for deposition on May 8.

8. CAI, a small nonprofit with limited staff and resources, endeavored in good faith to respond to Plaintiff's discovery requests.

9. I and my colleague, Michael Ackerstein, requested brief extensions of the discovery response deadlines, each of which were denied by Plaintiff without a reasonable basis.

10. Attached as <u>Exhibit B</u> are true and accurate copies of emails between CAI counsel and Plaintiff pertaining to CAI's efforts to complete discovery responses and produce them to Plaintiff.

11. Conscious of Plaintiff's request that she not have to be deposed prior to receiving CAI's discovery responses, and her desire to push her deposition back to at least late June or early July, discovery responses were served on Plaintiff on June 22, 2015.

12. Attached as <u>Exhibit C</u> is a true and complete copy of email correspondence between Plaintiff and me dated August 3 and August 5 pertaining to Plaintiff's August 3 correspondence.

13. Attached as <u>Exhibit D</u> is a true and complete copy of email correspondence between Plaintiff and me dated August 7 pertaining to Plaintiff's August 3 correspondence.

14. Attached as <u>Exhibit E</u> is a true and complete copy of email correspondence between Plaintiff and me dated August 7 pertaining to Plaintiff's August 3 correspondence.

15. Attached as <u>Exhibit F</u> is a true and complete copy of email correspondence between Plaintiff and me dated August 19 pertaining to Plaintiff's August 3 and August 5 correspondence.

16. Attached as <u>Exhibit G</u> is a true and complete copy of email correspondence between Plaintiff and me dated August 21 pertaining to Plaintiff's August 3 and August 5 correspondence.

17. I was on vacation the week of August 24 – 28, as was Michael Ackerstein, an associate at my firm who has assisted in this case. I responded to every email Plaintiff sent that week. Ultimately, I proposed that the parties conduct a teleconference to make one last attempt to have Plaintiff identify the information and/or documents she reasonably could have believed she needed to prosecute her case because Plaintiff had failed to engage in any meaningful communications in an attempt to narrow the issues in compliance with Rule 37.

18. At my insistence, the parties in fact held a teleconference on or about Monday, September 2.  In that teleconference, I attempted to ask Plaintiff to identify, for each discovery request, what specific documents or information she sought but believed had not been provided. With few exceptions, Plaintiff was unable to do so, and continuously attempted to argue the merits of her case. After approximately 40 minutes, and having only gone over the first five interrogatories and no document requests, I ended the conversation as no progress was being made.

19. Attached as <u>Exhibit H</u> hereto are true and accurate copies of email correspondences between me and Plaintiff during the time period August 27 - September 1.

20. CAI served Plaintiff with Supplemental Responses to Plaintiff's Request for Production of Documents in which the supplemental responses identified by Bates Stamp number each and every document responsive to each and every request. Attached hereto as Exhibit I is a true and accurate copy of CAI's Supplementary Responses to Plaintiff's First Request for Production of Documents.

Signed under the pains and penalties of perjury this 14th day of September, 2015.

/s/ Stephen T. Paterniti
Stephen T. Paterniti, BBO No. 564860
Jackson Lewis LLP
75 Park Plaza
Boston, MA 02116
(617) 367-0025
paternis@jacksonlewis.com

Dated:  September 14, 2015

**CERTIFICATE OF SERVICE**

This hereby certifies that on September 14, 2015, a copy of the foregoing document will be served upon Plaintiff, Sunita Eswarappa, *pro se*, via first class mail, postage prepaid, at 2 McKenney Circle, Andover, MA 01810. The foregoing document will also be simultaneously filed through this Court's ECF system and will accordingly be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Stephen T. Paterniti
JACKSON LEWIS P.C.